J-S35028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN AIKENS | |
| Appellant | No. 2155 EDA 2019 |

Appeal from the PCRA Order entered June 5, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0406531-1993

BEFORE:  BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 28, 2020**

Appellant, John Aikens, appeals from the June 5, 2019 order entered in the Court of Common Pleas of Philadelphia County, denying his third petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

> On March 10, 1993, [Appellant] was arrested and charged with first degree murder, criminal conspiracy, and possession of an instrument of crime.[1] On July 7, 1994, the Honorable Jane Cutler Greenspan presided over a non-jury trial and found [Appellant] guilty of all charges.  The same day, Judge Greenspan sentenced [Appellant] to life imprisonment without the possibility of parole on the murder conviction, with concurrent sentences on the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] At the time of the homicide, March 6, 1993, *see Commonwealth v. Aikens*, No. 2747 PHL 1994, unpublished memorandum at 1 (Pa. Super. filed July 26, 1995), Appellant was over the age of eighteen, *see Commonwealth v. Aikens*, No. 2106 EDA 2014, unpublished memorandum at 2 n.2 (Pa. Super. filed July 14, 2015) (citing PCRA Court Opinion, 10/29/14, at 4).

remaining charges. [Appellant] filed a direct appeal; the Superior Court affirmed the judgment of sentence on July 26, 1995. [Appellant] did not seek review by the Pennsylvania Supreme Court.

On March 4, 1996, [Appellant] filed his first *pro se* PCRA petition. Judge Greenspan conducted an evidentiary hearing on April 8, 1997, and denied relief on May 2, 1997. [Appellant] appealed this dismissal; the Superior Court affirmed the denial of relief on April 17, 1998. The Pennsylvania Supreme Court denied *allocatur* on December 3, 1998.

On June 12, 2013, [Appellant] filed his second *pro se* PCRA petition, seeking relief under **Miller v. Alabama**. On July 1, 2014, [the PCRA court] dismissed [Appellant]'s petition as untimely without exception. This dismissal was affirmed on July 14, 2015. The Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal on December 29, 2015.

On March 18, 2016, [Appellant] filed his third *pro se* PCRA petition, the subject of the instant matter. In this petitioner [sic], [Appellant] once again sought relief under **Miller v. Alabama**. This time he attached a handwritten "birth certificate," which indicated that he was born on February 18, 1978. According to court records, [Appellant] was born in 1974. . . .

. . . On March 4, 2019, the Commonwealth filed its Letter Brief, attached to which was a birth certificate obtained from the Pennsylvania Bureau of Public Health showing [Appellant] was born on February 18, 1974. On May 7, 2019, [the PCRA court] sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907. On July 3, 2019, [Appellant] replied to this notice, claiming that the Commonwealth was "mistake" about his date of birth and that the copy obtained from the Department of Public health "may present errors causing the Commonwealth to reach the conclusion they did." On June 5, 2019, [the PCRA court] dismissed [Appellant]'s petition based upon lack of merit. On June 19, 2019, [Appellant] filed a Notice of Appeal to [the] Superior Court.

PCRA Court Opinion, 11/18/19, at 1-3 (unnecessary capitalization removed).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its

- 2 -

conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

We must first determine whether the instant petition is timely. As noted above, Appellant filed the instant petition in 2019, approximately 24 years after his judgment of sentence became final.[2] As such, the instant petition is

---

[2] Appellant's judgment became final on August 28, 1995, at the expiration of time for seeking review with the Pennsylvania Supreme Court of our decision rendered on July 26, 1995. ***See Commonwealth v. Aikens***, No. 2106 EDA 2014, *supra*, at 5, nn. 6, 7, and accompanying text.

facially untimely. To overcome the untimeliness of the petition, a petitioner must allege and prove one of the exceptions to the one-year time bar, codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These exceptions include governmental interference, newly-discovered facts, and after-recognized constitutional rights. Here, Appellant appears to argue that he meets the after-recognized constitutional rights exception. Specifically, he argues that he is entitled to relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Appellant's Brief at 1-2. We disagree.

In *Miller* the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 132 S.Ct. at 2460 (emphasis added). In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Unites States Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be retroactively applied in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

We repeatedly have held that *Miller* does not apply to defendants who were eighteen or older when they committed murder. *Commonwealth v. Lee*, 206 A.3d 1, 7-11 (Pa. Super. 2019) (*en banc*) (holding *Miller* applies only to those who were under the age of eighteen at the time they committed the offense); *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (holding that the High Court's ruling in Montgomery did not extend *Miller*'s holding to individuals who committed homicides after

- 4 -

they reached the age of 18); *accord **Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016).

Appellant alleges he was less than 18 years old at the time of commission of the underlying crime, which would make him eligible for relief under ***Miller***.  In support of his claim that he was a minor at the time of the crime, Appellant produced a birth registration notice and a hospital certification purportedly showing that he was born on February 18, 1978, not on February 18, 1974 (as shown in court records).  The PCRA court, however, relying on the court record, and an official birth certificate produced by the Commonwealth in response to Appellant's claim, concluded that Appellant was born on February 18, 1974, and that at the time of the commission of the underlying crime he was older than 18 years.  As such, Appellant was not entitled to the application of ***Miller***.   We agree with the PCRA court.

The record included an official birth certificate issued by the Commonwealth of Pennsylvania showing Appellant's date of birth as February 18, 1974.  The registration notice and the hospital certification, which are the documents offered by Appellant, are not birth certificates and are not acceptable for legal or governmental purposes.    ***See*** https://www.health.pa.gov/topics/certificates/Pages/FAQ-Birth.aspx ("Hospital commemorative birth certificates or birth registration notices issued by the Division of Vital Records are not birth certificates and are not acceptable for legal or governmental purposes.").  Thus, the record supports the PCRA court findings and conclusions that Appellant was born on February 18, 1974,

which makes Appellant ineligible for relief under **Miller**. Accordingly, we affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/20